**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**JOSE DAVID NIEVES-RAMOS,**
**Petitioner,**

**v.**                                                       **CIVIL NO. 03-1440(DRD)**

**UNITED STATES OF AMERICA,**
**Respondent**

**OPINION AND ORDER**

Pending before the Court is petitioner, Jose David Nieves-Ramos' *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255* (Docket No. 1).  Petitioner sustains that relief must be granted because: 1) the plea agreement was not knowing and voluntarily entered into with full knowledge of the offense charged and further trial counsel misguided the petitioner in accepting the plea agreement; 2) petitioner is the victim of ineffective assistance of counsel because counsel failed to raise error as to the weapons charge on appeal; and 3) that the District Court denied his request to appoint appellate counsel.

The United States counters by asserting that the ineffective assistance of counsel argument should be deemed waived because the argument has been before this Court in a perfunctory manner.  Further, the Government sustains that counsel's refusal to raise meritless issues on appeal cannot be deemed as ineffective assistance of counsel.  As to petitioner's claim that the plea was entered involuntarily and unknowingly and/or unintelligently warranting that petitioner may withdraw his guilty plea, the record shows the contrary.  The Government sustains that the record demonstrates that the plea agreement under the supervision of District Judge D. Brock Hornby, clearly stated the penalty to be imposed for the weapon's violation, that the colloquy between the Court and the petitioner at the time of the plea agreement reflects that petitioner understood the charges against him and chose to voluntarily plead guilty.  Finally, the United States sustains that petitioner was not deprived of legal counsel at appellate stage because the Court of Appeals for the First Circuit allowed counsel for petitioner to file an *Anders* brief, provided a term to petitioner to submit its position as to counsel's opinion that the appeal was frivolous, and it was the appellate court who determined that petitioner lacked arguable appellate issues.

Petitioner replied affirming that he was denied effective assistance of counsel at trial and appellate level because he never carried a weapon in the offenses charged.  Petitioner sustains that

as to the weapon he was never charged in the indictment with possession of a firearm in furtherance of a trafficking offense.  Further, petitioner sustains that the alleged firearm was locked in a closed security box hence, he never possessed, used or carried a firearm nor the weapon was available for use by petitioner for purposes of being charged pursuant to 18 U.S.C. §924(c)(1)(A).

## ANALYSIS

A petitioner claiming ineffective assistance of counsel must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Buculavas v. United States*, 98 F.3d 652, 658 (1st Cir. 1996).  The *Buculavas* Court determined that petitioner has the heavy burden of proving both prongs of this test. *Buculavas* 98 F.3d at 658.  The petitioner carries the burden of showing that there is a reasonable probability that, but for his counsel's deficient performance, the outcome would have been different.  *Strickland* 466 U.S. at 694.  The Supreme Court clearly stated that there is a strong presumption that counsel's performance comes within the wide range of reasonable professional assistance.  *Strickland* 466 U.S. at 689.  Then petitioner must overcome the presumption that his counsel's performance could "be considered sound trial strategy".  *Strickland* 466 U.S. at 689(quotations omitted).  Finally, the Court's scrutiny of the attorney's performance must be highly deferential.  *Strickland* 466 U.S. at 689.

A defendant claiming ineffective assistance of counsel must comply with the following standard:

> identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland* 466 U.S. at 690.

However, it is the law in this Circuit that legal arguments alluded to in a perfunctory manner but unaccompanied by a developed argumentation, are deemed abandoned.  *U.S. v. Casas*, 425 F.3d 23, 30 (1st Cir. 2005); *U.S. v. Ramirez-Ferrer*, 1995 WL 237041, (1st Cir. Puerto Rico 1995); *U.S.*

*v. Zannino*, 895 F.2d 1, 17 (1ˢᵗ Cir. 1990).  Further, "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones".  *U.S. v. Zannino*, 895 F.2d at 17.  After all, "[J]udges are not expected to be mindreaders.  Consequently, a litigant has an obligation 'to spell out its arguments square and distinctly,' or else forever hold its peace".  *Id.*, *citing Rivera de Gomez v. Castro*, 843 F.2d 631, 635 (1ˢᵗ Cir. 1988)(*quoting Patterson-Leitch Co. v. Massachusets Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1ˢᵗ Cir. 1988)).

Precisely, this is what petitioner has attempted in the instant *habeas* proceeding.  Plaintiff has presented an argument moving the Court to determine that he lacked effective assistance of counsel throughout trial and appellate proceedings without providing the necessary backbone for the Court to determine.  The Court is barred from developing an argument as to the applicability of potentially applicable jurisprudence when plaintiff fails in developing a cogent argument as to its applicability.  *U.S. v. Zannino*, 895 F.2d at 17.  Consequently, the challenge made by petitioner as to ineffective assistance of counsel moving the Court to rule upon are deemed abandoned hence petitioner's request as to this argument is **DENIED**.[1]

Petitioner also sustains that the conviction was obtained by a plea made involuntarily and unintelligently without knowing the nature of the charge and the consequences of entering a plea agreement because he was not properly advised of the consequences of the weapons count.  Further, petitioner affirms that he was not in possession nor carrying a weapon so he could not be charged under 18 U.S.C. §924(c)(1)(A).  The Court interprets that plaintiffs main argument is that counsel allowed at the plea hearing the defendant to plead guilty to a weapon he did not posses.  But the record reflects that he was clearly forewarned by the court and further explained in detail his conduct and connection as to the weapon by the AUSA during the presentation of the government's version of facts as to the weapons.  Specifically, petitioner was first forewarned by the Court that he was in possession of a weapon used in furtherance of the drug transaction; later details were provided as to the weapons he carried and the weapon attributed to the other co-defendant. (See, discussion *infra*, at Footnote Nos. 4 and 6, and P. 4-8 of this Opinion and Order.)  The Court proceeds first to review the colloquy held during the plea (CR-01-0044, Docket No. 80).

---

[1] Notwithstanding the Court attempts to decipher the quagmire and concludes that pro-se petitioner main argument is that he was permitted by counsel to plead guilty to a weapon used in furtherance to a drug transaction which he did not posses.  This argument is addressed on the merits.

The Court has also thoroughly examined the transcript for the Rule 11 and Sentencing Hearing, and the Change of Plea document signed by petitioner.  At the outset the Court notes that the Plea Agreement shows that petitioner pled guilty to Counts I and III of the indictment.[2]  Further, the Statement of Facts contained the Plea Agreement charges petitioner Nieves-Ramos with being "armed with a loaded Glock semi-automatic .40 caliber pistol" (CR-01-0044, Docket No. 54. P.11), and that petitioner was engaged in "actions in trafficking and heroin and possession [of] the firearm in furtherance of that trafficking" (Docket No. 54. P.12).

The Transcript for the Rule 11 and Sentencing Hearing shows that: 1) petitioner was represented by counsel (CR-01-0044, Docket No. 80., P. 2); 2) petitioner accepted he understood the proceedings and that counsel had previously explained the consequences of the proceedings (CR-01-0044, Docket No. 80., P. 4); 3) petitioner acknowledge his decision to change his plea as to Counts I and III of the indictment and after duly authorizing counsel to speak on his behalf, counsel recommended the Court to accept the plea (CR-01-0044, Docket No. 80., P. 4); 4) petitioner pleaded guilty to Count III of the indictment although previously he had pleaded not guilty to that same count (CR-01-0044, Docket No. 80., P. 5); 5) the Court, conducted a colloquy to satisfy the requisite that the change of plea was entered voluntarily, intelligently, understanding the rights that petitioner was relinquishing, and that there was a factual basis for the guilty plea  (CR-01-0044, Docket No. 80., P. 5); 6) petitioner pleaded guilty to Counts I and III of the indictment because he recognized being guilty as charged and petitioner's counsel was satisfied that petitioner was guilty of both counts (CR-01-0044, Docket No. 80., P. 5); 7) petitioner accepted that his counsel explained him the elements and nature of the offenses as well as the penalties to be imposed, and his counsel was satisfied that his client understood said charges and penalties (CR-01-0044, Docket No. 80., P. 6); 8) petitioner specifically understood that he was being charged with the possession of two (2) firearms in

---

[2] Count III of the indictment charged petitioner as follows: "[o]n or about January 25, 2001, in the District Court of Puerto Rico and within the jurisdiction of this Court, [1] Jose David Nieves Ramos, and [2] Eduardo Jesus Osorio-Rojas, the defendants herein aided and abetted by each other, did knowingly, willfully, intentionally and unlawfully possess two (2) firearms, to wit: one (1) Walther semi-automatic pistol, .32 caliber, serial number 310377, and one (1) loaded Glock semi-automatic pistol, .40 caliber with the serial number obliterated, as this term is defined in Title 18, U.S.C., Section 921(a)(3), in furtherance of a drug trafficking crime, to wit: possession with the intent to distribute a controlled substance, a crime for which they can be prosecuted in a court of the United States.  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. (See CR-01-0044, Docket No. 11, P. 2-3).

furtherance of a drug trafficking crime (CR-01-0044, Docket No. 80., P. 7);[3] 9) petitioner understood that he was to be subject to at least five (5) years of consecutive imprisonment following the imprisonment term on the first Count (CR-01-0044, Docket No. 80., P. 8); 10) petitioner waived the right of a trial by jury, the assistance of lawyer at trial, waived the presumption of innocence, waived the right to cross-examine the government's witnesses, resigned to the right to testify at trial and instead chose to plead guilty (CR-01-0044, Docket No. 80., P. 9-11); 11) the Government's evidence would have shown that petitioner was armed with a loaded Glock semi-automatic .40 caliber pistol (CR-01-0044, Docket No. 80., P. 12); 12) the weapons seized were operable and petitioner did not have a license to possess a firearm (CR-01-0044, Docket No. 80., P. 13); 13) counsel for petitioner was satisfied that the Government would in fact produce the evidence as recounted (CR-01-0044, Docket No. 80., P. 15); 14) petitioner heard the evidence to be submitted by the Government, that petitioner did not disagree with any fact stated by the Government, and further the narrative of facts the Government had stated was the true according to petitioner's personal knowledge (CR-01-0044, Docket No. 80., P. 16); 15) the Court found that there was factual basis for a guilty plea as to both counts (drugs trafficking and possession of weapons in furtherance of drug trafficking) as to petitioner (CR-01-0044, Docket No. 80., P. 16); 16) petitioner held, prior to entering a plea, discussions with its counsel resulting in a subsequent, plea agreement which petitioner was willing to accept (CR-01-0044, Docket No. 80., P. 17); 17) Petitioner accepted the Government's version of fact as him being "armed with a loaded Glock semiautomatic .40 caliber pistol" (Docket No. 80, P. 12, fact version, and P. 16, acceptance by defendant); 18) petitioner signed the guilty plea, that petitioner read the plea agreement before signing the same, his signature was obtained in the voluntary plea agreement, that petitioner will understood the terms before signing the agreement, and that in signing the agreement petitioner accepted all its terms and conditions (CR-01-0044, Docket No. 80., P. 17); petitioner understood that the plea agreement did not bind the Judge as to sentence imposition (CR-01-0044, Docket No. 80., P. 18).  Finally, petitioner's change of plea was accepted

---

[3] Hon. D. Brock Hornby inquired the defendant as to the knowledge that in Count I the defendant and another co-defendant were charged with "possesion with intent to distributed 56 grams of marijuana, 22 grams of heroin and 30 grams of cocaine". (Docket No. 80, P. 7).  Further, that the defendants in aiding and abetting "possessed two firearms ... (description of the firearms) possession with intent to distribute the controlled substance" (Docket No. 80, P. 7).  Further, defendant was advised as to the penalty as to drugs and the weapon "it could be as much as life" (the drugs) and at least five years consecutive, as to the weapon (Docket No. 80, P. 8).  However, in the Government's version of facts -defendant Nieves-Ramos was specifically charged with possession of one weapon in furtherance of the drug transaction.  (But at the end as part of the agreement he was only made responsible for one weapon used in furtherance of drug transaction.)

since the Court concluded that petitioner's demeanor reflected that he did not appear to be under the influence of any substance which could affect his judgment, petitioner acknowledge that he was in fact guilty as charged to Count I and III, petitioner was aware of his right to trial, petitioner knew the minimum and maximum sentence that could be imposed if convicted, and the Court determined that petitioner had not been coerced into the plea agreement because he had voluntarily and knowingly pleaded guilty to Counts I and III as charged.

A guilty plea constitutes a waiver of numerous constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against compelled self-incrimination. *McCarthy v. United States*, 394 U.S. 459, 466 (1968); *United States v. Gray*, 63 F.3d 57, 60 (1st Cir. 1995). Consequently, the withdrawal of a guilty plea is considered a "grave and solemn act". *United States v. Parra-Ibañez*, 936 F.2d 588, 598 n. 24 (1st Cir. 1991). Therefore, because of the numerous constitutional protections implicated and waived by a guilty plea, the Supreme Court requires that the defendant's plea must be knowing, voluntary, and intelligent in order to be valid. *United States v. Brady*, 397 U.S. 742, 748 (1970). Further, Rule 11 Fed.R.Crim.P., 18 U.S.C., requires the Court to hold a colloquy with the defendant before it accepts a plea to ascertain whether: (1) the plea is free from coercion; (2) the accused understands the nature of the charges brought against him; and, (3) the accused understands the consequences of entering a guilty plea. *See*, *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995), cert. denied, 516 U.S. 827(1995).

The First Circuit Court of Appeals has distinguished between "technical violations" to Rule 11 and violations to the Rule "core concerns" determining that only violations that concern one of the rule's core matters mandates the plea to be set aside. *United States v. Medina-Silverio*, 30 F.3d 1, 3 (1st Cir. 1994)(citations omitted). Further, Rule 11's core concerns are: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. *United States v. Gray*, 63 F.3d 57, 60-61 (1st Cir. 1995); *United States v. Cotal-Crespo*, 47 F.3d at 4; *United States v. Allard*, 926 F.2d 1237, 1244-1245 (1st Cir. 1991).Therefore, in order for the Court to determine whether a violation to one of Rule 11's core concerns have in fact occurred, the Court must review the totality of the circumstances surrounding the Rule 11 hearing, rather than applying a "talismanic test". *United States v. Allard*, 926 F.2d at 1245. The critical issue is whether the substance of what was communicated by the trial court, and what should have been reasonably understood by the defendant, rather than the communication. *U.S. v. Medina-Silverio*, 30 F.3d at 3. The minimum requirement is that the trial court when addressing the defendant personally in open

court determine that the plea was entered voluntarily, knowingly, and intelligently. *U.S. v. Medina-Silverio*, 30 F.3d at 2-3. Thus, in the absence of total failure to address one of Rule 11's core concerns, the question is whether irregularities in the plea-taking proceeding affected the defendant's substantial rights. *United States v. Cotal-Crespo*, 47 F.3d at 5.

As stated herein, the record is devoid of any evidence showing that one of Rule 11's core concerns was violated during the hearing. The Court asked repeatedly and in different manners petitioner and/or counsel for petitioner whether the facts as alleged by the Government were true, whether the parties agreed to the understanding of the charges, and whether petitioner and counsel were aware of the consequences of the plea about to be entered. Further, the Court conducted a colloquy to satisfy the requirement that the plea entered, be knowingly, voluntarily, and intelligently, *United States v. Isom*, 85 F.3d 831, 835-837 (1st Cir. 1996), that petitioner understood the rights he was waiving, and that there was a factual basis for the guilty plea. Moreover, petitioner accepted that counsel explained the nature of the offenses charged and the penalties to be imposed, and counsel was satisfied that the petitioner understood the charges and the corresponding penalties. Furthermore, petitioner accepted that he was charged with possession of a firearm and that the corresponding penalty was to be served consecutively to the penalty for the other Count. Moreover, defendant heard the statement of the Government's version of facts to be proved and did not disagree as to it, and to the contrary, accepted it as true according to his personal knowledge. Finally, petitioner acknowledge that he held discussions with his counsel culminating in the plea he had knowingly, voluntarily and intelligently entered.

Petitioner's main argument at the trial level is that he lacked counsel because the weapon was far away from the drugs in a safety deposit box. But the record reflects that there were two weapons, one of which was directly in the possession of defendant.[4]

In summary, the Court deems that none of Rule 11's core concerns were violated hence petitioner is precluded from claiming that he entered a plea unknowingly, involuntarily and/or

---

[4] The Government's version of facts as recorded in the transcript shows that: "[d]uring the course of the drug transaction the defendant Jose Ramos was armed with a loaded Glock semi-automatic 40 caliber pistol, and the defendant Eduardo Rojos was in possession of the Brinks home security box which contained various amounts of narcotics and cocaine base and additionally upon seizure of the box it also contained in excess of $1,700 in US currency, and another firearm, unloaded Walther semi-automatic 32 caliber pistol, serial number 310377. Both defendants were aware that their actions in trafficking in the narcotics and the respective firearms were illegal". (Docket No. 80, P.12, lines 15-25). (The version of facts at the plea agreement as to Nieves-Ramos similarly states that he was "armed with a loaded Glock semiautomatic .40 caliber pistol ... in actions in trafficking [of] heroin and possession [of] the firearm in furtherance of trafficking"; Docket No. 54, P. 12).

unintelligently without knowing the nature of the charge and the consequences of entering a plea agreement because he was not properly advised of the consequences of the weapons charge. Neither, petitioner can sustain an argument that he was not in possession nor carrying a weapon "during the course of transaction" hence he allegedly could not be charged under 18 U.S.C. §924(c)(1)(A). Therefore, petitioner's claim for relief under 18 U.S.C. §2255 under this arguments is hereby **DENIED**.

Finally, petitioner sustains that he was abandoned by counsel during the appeal stage of the proceedings and that the Court left him without legal representation during said process. The Court has examined the Public Access to Court Electronic Records System (PACER) for the First Circuit Court of Appeals searching for petitioner's appellate record. The search shows that petitioner filed Appeal No. 02-2057 on August 26, 2002, and initial appearance by the Federal Public Defender (FPD) was made on September 10, 2002. On October 8, 2002, the FPD requested to be withdrawn as counsel of record, being granted on October 18, 2002, and counsel James P. Bardsley was appointed as counsel of record for petitioner.

On February 4, 2003, the appellate court issued an order rejecting counsel for petitioner's *Anders*[5] brief for its failure to comply with the appellate court's Local Rule 46.6(a)(4). Counsel for petitioner was in said order properly advised that he had to file a motion to withdraw certifying that petitioner was advised of his right to file supplemental pro se brief in support of reversal or modification of judgment. On February 20, 2003, the Docket Sheet reveals that counsel's *Anders* brief had been filed and notice to petitioner had been served advising petitioner of his right to file a supplemental pro se brief in support of his appeal to modify or reverse judgment. Finally, due to petitioner's choice not to file a pro se brief, once the time elapsed, on April 23, 2003, the appellate court ruled that petitioner's request "reveals no non-frivolous issue for appeal", the judgment was affirmed and appointed counsel's request to withdraw was granted.

In *Anders* the Supreme Court held that an attorney in his role as an advocate of his client's rights must pursue his client's appeal to the best of his ability. *Anders v. California*, 386 U.S. at 744. However, should defendant's counsel determine that the appeal is "wholly frivolous, after a conscientious examination of it," counsel "should so advise the court and request permission to withdraw". *Id*. However, the Court clearly delineated a procedure for such a request stating that

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal"; a copy of counsel's brief should be provided to the appellant and time must be allowed to the defendant to raise the issues of his choice. *Id*. The Supreme Court clearly determined that only after said steps are followed "**the court- -not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous**". *Id*, (emphasis added). Should the Court, in its review of the record, determine that the appeal is frivolous, it may grant "counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires". However, should the case be found meritorious (not frivolous), the appellate court "must, prior [to proceed] to decision [on the merits], afford the indigent the assistance of counsel to argue the appeal". *Id*. The Court stated that this procedure "would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled". *Anders v. California*, 386 U.S. at 745.

Further, in *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court determined that "[n]either *Anders* nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by client, if counsel, as a matter of professional judgment, decides not to present those points". *Id*, at 751. The Court concluded that because a trained counsel posses a superior ability to examine the record, conduct legal research, and marshal legal arguments on behalf of the appellant, a *per se* rule allowing that the client and not counsel be allowed to decide the issues to be pressed on appeal would undermine counsel's ability to present its client's case in accordance with counsel's professional evaluation. *Id.*, at 751.

In the instant case, petitioner claims that he was abandoned by counsel precisely while his appeal was pending before the appellate court. This claim is meritless since the issue has already been resolved by the Supreme Court. As stated previously, a review of the record shows that although petitioner's counsel moved for withdrawal due to his belief that there were no appealable issues and subsequently filed an *Anders* brief, petitioner waived its right to raise those alleged "meritorious issues" in *pro se* fashion. In such circumstances, it was the First Circuit Court itself which reviewed petitioner's claims. As delineated by the *Anders*' court, the appellate court examined "the record, including the transcripts of the plea and sentencing hearings, the presentence report, and the written plea agreement" concluding absence of non-frivolous issues for appeal.

Instead, it was the Court of Appeals who acted as petitioner's advocate at a stage of the proceedings where the record and the merits of the appeal were scrutinized to determine whether there existed the possibility of an appeal issue.  As stated in *Anders*, should there have been a meritorious issue for an appeal, the Court would have to appoint counsel to argue those issues before entertaining the merits of the petition.  Therefore, petitioner is precluded from asserting that at said stage of the proceedings he was abandoned, because the Court was prevented from entertaining the merits of the appeal without appointing a counsel to argue on petitioner's behalf.  Consequently, petitioner's arguments to the contrary are rendered frivolous by the applicable legal standards and by the record of the case.

## CONCLUSIONS

Simply put, petitioner has not overcome the "strong presumption" that he received effective legal assistance, Strickland, 466 U.S. at 689 (1984).  Thus, there is no valid reason to disturb the conviction pursuant to plea of guilty as entered.[6]  In accordance with the foregoing, the Court hereby **DENIES** petitioner, Jose David Nieves-Ramos' *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255* (Docket No. 1).   Consequently, petitioner's request for relief under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.  **Judgment** shall be entered accordingly.  Finally, the Clerk of Court is **INSTRUCTED** to notify this Opinion and Order to Petitioner Nieves-Ramos' address of record.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 18th day of April 2006.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[6] As stated herein, the only colorable claim that the petitioner had relating to ineffective assistance of counsel is based on the issue that the defendant was allegedly permitted to plea to a weapons count wherein he did not posses a weapon in furtherance of the conspiracy.  The record unquestionably described in this Opinion and Order proves that said allegation is frivolous since the defendant clearly accepted that he had in his possession "in the course of the drug transaction"  ... "a loaded Glock semiautomatic 40 caliber pistol".  The other co-defendant had possession of a safety deposit box containing illegal drugs and an "unloaded Walther semiautomatic 32 caliber pistol".  Hence, the argument that the defendant Nieves-Ramos was charged with a weapon away from the drugs located in a safety box is totally meritless.  The Rule 11 colloquy and the Government's version of facts at the plea hearing as well as the written plea agreement and the version of facts dispel any doubts that defendant accepted being in possession of a loaded .40 caliber Glock during and in furtherance to a drug transaction.